## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of JERIDELL CHEA, | Civil No. 22-1494 (JRT/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING PARTIAL MOTION TO DISMISS** |
| BROAN-NUTONE, LLC, | |
| Defendant. | |

Benjamin C. Sorenson and David J. Yarosh, **YOST & BAILL, LLP,** 220 South Sixth Street, Suite 2050, Minneapolis, MN 55402, for plaintiff.

Andrew Gay Jackson, **FAEGRE DRINKER BIDDLE & REATH LLP,** Product Liability & Environmental, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for defendant.

Plaintiff State Farm Fire & Casualty Company ("State Farm"), as a subrogee of its insured Jeridell Chea, brings this action against Defendant Broan-NuTone, LLC ("Broan"), alleging strict liability, negligence, and post-sale failure to warn stemming from a December 2020 incident, in which a bathroom fan manufactured by Broan malfunctioned and caught fire, causing substantial damage to Chea's property and its contents in excess of $75,000.

Broan now moves for partial dismissal, seeking to dismiss State Farm's post-sale failure to warn claim. Because the Court finds that State Farm has alleged enough facts

to sufficiently support its post-sale failure to warn claim at this stage, the Court will deny Broan's motion.

## BACKGROUND

### I.   FACTUAL BACKGROUND

State Farm alleges that prior to December 1, 2020, Broan designed, developed, tested, and placed into the stream of commerce the subject fan with accompanying component parts that were intended for use by consumers for the ordinary purpose associated with exhaust/ventilation fans.  (Am. Compl. ¶ 7, June 29, 2022, Docket No. 15.) The subject fan was installed at the Chea property prior to December 1, 2020.  (*Id.* ¶ 8.) Prior to the incident, Chea operated the subject fan without incident in the normal, ordinary, and intended matter and purpose.  (*Id.* ¶ 9.)

On or about December 1, 2020, a fire originated within the fan located at the Chea property, which caused substantial damage to the property and its contents.  (*Id.* ¶ 10.) State Farm alleges that at all relevant times, Broan knew and intended that the subject fan would be used by members of the general public, including Chea, and knew of the specific uses, purposes, and requirements for which ventilation fans would be utilized. (*Id.* ¶ 11.)  As a result of the fire, Chea sustained alleged damages in excess of $75,000 and made claims to State Farm under her insurance policy, for which State Farm issued payments.  (*Id.* ¶¶ 12-13.)  As such, State Farm states that it is legally, equitably, and contractually subrogated to the rights and claims of Chea.  (*Id.* ¶ 13.)

## II.    PROCEDURAL HISTORY

State Farm filed this action on May 3, 2022 in state court and Broan removed to this Court on June 3, 2022.  (Notice of Removal, June 3, 2022, Docket No. 1.)  State Farm amended its Complaint on June 29, 2022.  In the Amended Complaint, State Farm seeks damages under three causes of action: (1) strict liability (2) negligence, and (3) post-sale duty to warn.  (*Id.* ¶¶ 14-29.)

Relevant for purposes of this motion, on the post-sale failure to warn claim State Farm alleges thatthe same or similar models of the subject fan have failed and caused fires since entering the stream of commerce.  (*Id.* ¶¶ 27-28.)  Moreover, State Farm alleges that despite having knowledge of these failures, Broan negligently failed to provide Chea with reasonable post-sale warnings of defects and hazards, which it knew or should have known were present in the subject fan.  (*Id.*)  State Farm alleges that such negligence was a direct and proximate cause of the fire and resulted damage to State Farm, as Chea's subrogee.  (*Id.* ¶ 29.)

Broan filed this partial Motion to Dismiss the post-sale failure to warn claims. (Mot. for Partial Dismissal, Docket No. 19.)

## DISCUSSION

## I.    STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588

F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings."  *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor.  *Ashley Cnty. v. Pfizer, Inc*., 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.   ANALYSIS

Minnesota courts recognize a cause of action for post-sale failure to warn where "a manufacturer discovers a hidden defect *after* the time of sale" and then fails to warn customers of this defect.  *Great N. Ins. Co. v. Honeywell Int'l, Inc.* ("*Great Northern*"), 911 N.W.2d 510, 519 (Minn. 2018).  In *Great Northern*, the Minnesota Supreme Court

adopted § 10 of the Restatement (Third) of Torts: Products Liability, under which a seller

has a post-sale duty to warn if:

> (1) the seller knows or reasonably should know that the product poses a
> substantial risk of harm to persons or property; and
> (2) those to whom a warning might be provided can be identified and can
> reasonably be assumed to be unaware of the risk of harm; and
> (3) a warning can be effectively communicated to and acted on by those to whom
> a warning might be provided; and
> (4) the risk of harm is sufficiently great to justify the burden of providing a
> warning.

911 N.W.2d at 520.  The factors are conjunctive, and a plaintiff bears the burden

of establishing all the factors for the duty to attach.  *Id.*

Broan alleges that State Farm's post-sale failure to warn claim fails for two main

reasons.  First, Brown argues that the Amended Complaint is "threadbare" and "only a

formulaic recitation of the elements," which by itself warrants dismissal for failure to

meet the federal pleading standards.  (Def. Mem. Supp. Mot. Dismiss at 2-3, Docket No.

20.)

Second, Broan argues that State Farm has not alleged any facts to support that: (1)

Broan knew or reasonably should have known the fan posed a substantial risk of harm;

(2) State Farm or its insured could have been identified and were reasonably assumed to

be unaware of the harm; (3) Broan could have effectively communicated a warning to

State Farm; and (4) the risk of harm was sufficiently great to justify the burden of

providing a warning.  Broan asserts that it cannot, as a matter of law, reasonably predict

where and by whom its bathroom fans would be used under these circumstances because

tracking down each fan and sending new warnings each time there was a transfer of ownership would be unreasonably burdensome.

The Court rejects the characterization of State Farm's Complaint as "threadbare" but does have some doubt about the likelihood of State Farm proving its claim. Nevertheless, the Complaint "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

In support of their second argument, Broan points to *Great Northern*. In that case, an electric company that manufactured a motor in a home's heat-recovery ventilator was sued by the insured's insurance company on a post-sale duty to warn claim. The ventilator had started a fire that damaged the home sixteen years after the ventilator was installed. 911 N.W.2d at 513. The District Court granted summary judgment on the claim and the Minnesota Supreme Court affirmed, determining that the electric company did not have a post-sale duty to warn users of the ventilator of a potential fire hazard. *Id.* The Court concluded that such duty did not exist as a matter of law because, while two of the factors were satisfied, the electric company "could not identify 'those to whom a warning might be provided' nor could it effectively communicate a warning to consumers using the ventilators containing [the] motors." *Id.* at 522 (quoting Restatement (Third) of Torts: Products Liability § 10(b)(2)–(3)).

The Court reasoned that the electric company did not have any records regarding the ventilators' distribution or the consumers using the ventilators because its only

customer was the ventilators' manufacturer. *Id.*  That manufacturer received the motors, assembled the ventilators, and distributed them to Canadian consumers and to Honeywell, which then distributed the ventilators to consumers in the United States. *Id.* As such, the electric company in that case could not reasonably predict where and by whom the ventilators containing its motors would be purchased or used. *Id.*

*Great Northern* is distinguishable from the facts of this case.  Here, Broan, unlike the electric company in that case, both manufactured and distributed the subject bathroom fan in the United States market, and presumably is in a position to "predict where and by whom the [bathroom fans] would be purchased or used." *Great Northern*, 911 N.W.2d at 522.  In *McDaniel*, this Court made clear that while "[i]t would be unreasonable to require [a widely distributed product] manufacturer to track down every purchaser and user," it "may be appropriate in certain cases, however, to require a manufacturer to take the steps that are reasonable under the circumstances to disseminate widely notice of the danger" and what "constitutes reasonable notice is a question of fact." *McDaniel v. Bieffe USA, Inc.*, 35 F. Supp. 2d 735, 742 (D. Minn. 1999).

Moreover, *Great Northern* involved a different legal standard, as it was decided at summary judgment after the parties had the opportunity to engage in significant discovery on the issues, which State Farm has not yet had here.  Courts dismissing similar claims to State Farm's, have done so at the summary judgment stage after the parties have had the benefit of discovery. *See, e.g., Great Northern,* 911 N.W.2d at 513;

*McDaniel*, 35 F. Supp. 2d at 743; *Markel v. Douglas Techs. Grp., Inc.*, No. 17-1790, 2019 WL 1440423, at *6 (D. Minn. Apr. 1, 2019), *aff'd*, 968 F.3d 888 (8th Cir. 2020); *Gardner v. Brillion Iron Works, Inc.*, 120 F. Supp. 3d 928 (D. Minn. 2014).  Thus, the Court notes that, at this stage of the litigation, State Farm is only tasked with adequately alleging its claims, not proving them.  Allowing discovery would provide State Farm with the necessary tools to explore its claims more fully and possibly prove them.  Since what constitutes a reasonable warning in circumstances of a mass-producing manufacturer is a question of fact, that makes the issue inappropriate for a Motion to Dismiss without the benefit of fact-finding.  *See McDaniel*, 35 F. Supp. 2d at 742.

The Court, construing all inferences in State Farm's favor, finds that, although State Farm's claim against Broan for post-sale failure to warn is relatively weak, at this stage State Farm has plausibly pled enough to deny the motion.  Accordingly, the Court will deny Broan's partial Motion to Dismiss State Farm's post-sale failure to warn claim.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' partial Motion to Dismiss [Docket No. 19] is **DENIED**.

DATED:  January 17, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

-8-